Citation Nr: 1641931 
Decision Date: 10/31/16 Archive Date: 11/08/16

DOCKET NO. 09-15 803 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Petersburg, Florida


THE ISSUE

Entitlement to service connection for an acquired psychiatric disability, to include major depressive disorder, bipolar disorder, and anxiety disorder.


REPRESENTATION

Veteran represented by: Adam Neidenberg


ATTORNEY FOR THE BOARD

C. Samuelson, Associate Counsel



INTRODUCTION

The Veteran served on active duty in the United States Army from February 1997 to September 1998.

This matter comes before the Board of Veteran's Appeals (Board) on appeal from a February 2008 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in St. Petersburg, Florida. 

The issue on appeal is expanded as reflected on the title page. See Clemons v. Shinseki, 23 Vet. App. 1 (2009).

In April 2013 and November 2015, the Board remanded these claims for additional development. 

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the Veteran if further action is required.


REMAND


The Board's November 2015 remand requested that the AOJ confirm the Veteran's current mailing address, as the record contains two pieces of correspondence addressed from the RO to the Veteran that were marked "return to sender." See May 2013 returned mail; see also August 2013 returned mail. As this action has not yet been completed, remand to complete the previously requested action is warranted. See Stegall v. West, 11 Vet. App. 268, 271 (1998). 

Additionally, the findings from the January 2016 VA examination are inadequate. Specifically, the examiner diagnoses the Veteran with borderline personality disorder, but does not address numerous other psychiatric diagnoses in her VA outpatient records, including major depressive disorder, bipolar disorder, and anxiety disorder. Additionally, there is indication in the record that the Veteran's psychiatric disability may have pre-existed service. Specifically, the Veteran reported in her September 1996 Report of Medical History that she participated in family counseling at age 17. In November 2002 VA treatment records, the Veteran reported she was diagnosed with depression at age 11, was anorexic at 12, and tried to commit suicide at age 17. She also reported that she became suicidal and was placed on medication after the birth of her first two children, and was on medication at the time she was pregnant with her third child. In February 2006 treatment records from Tripler Army Medical Center, the Veteran reported a history of therapy and medications for major depressive disorder from 1996 through 2003, a suicide attempt, and at least three hospitalizations. Accordingly, a new examination is necessary to determine the nature and etiology of her psychiatric disorder.

Finally, on remand, the AOJ should ask the Veteran to identify any additional, pertinent medical treatment that she received for her acquired psychiatric disability, including treatment records prior to her service. In this regard, the Board's April 2013 remand included a directive to contact the Department of the Army to secure any and all treatment records for the Veteran during her eligibility for military care as a dependent spouse. A letter was sent to the Veteran requesting additional information in order to secure these records, to which the Veteran did not respond. However, as the case is being remanded for the reasons outlined above, an additional attempt to locate these relevant records should be made.

Accordingly, the case is REMANDED for the following action:

1. Take all necessary steps to confirm the Veteran's current mailing address, to include contacting her representative or any other appropriate entity. Efforts to confirm her current address should be documented in the claims file.

2. Contact the Department of the Army and obtain all outstanding psychiatric treatment records for the Veteran from when she was a dependent spouse. If the Veteran has any copies of treatment records in her possession, she should be encouraged to submit them. 

If any requested records are not available, or if the search for any such records otherwise yields negative results, that fact should clearly be documented in the claims file, and the Veteran informed in writing.

3. Obtain all outstanding VA treatment records.

4. Contact the Veteran and request that she identify any outstanding private treatment records related to her acquired psychiatric disability, to include for diagnosed depression at age 11 and any treatment received prior to service. After obtaining the necessary authorization forms from the Veteran, obtain any pertinent records and associate them with claims file. 

If any requested records are not available, or if the search for any such records otherwise yields negative results, that fact should clearly be documented in the claims file, and the Veteran informed in writing.

5. After any additional evidence has been associated with the claims file, schedule the Veteran for a VA examination to determine the nature and etiology of her psychiatric disability. The examiner should review the claims file and note such review in the report, conduct all indicated test and studies, and address the following: 

a) Diagnose all current psychiatric disorders present during the appeal period (since July 2007). If the examiner determines that diagnoses of major depressive disorder, bipolar disorder, and anxiety disorder are not warranted, he or she must reconcile this finding with diagnoses of these conditions in the Veteran's VA treatment records.

b) Did any currently diagnosed psychiatric disorder other than a personality disorder clearly and unmistakably (undebatably) pre-exist the Veteran's period of service? If yes, the examiner must cite to the evidence of record to support that conclusion.

c) If the answer to question (a) is yes, is it clear and unmistakable (undebatable) that the pre-existing disorder did NOT undergo a worsening in service beyond the natural progression of the disease as a result of active duty? If yes, the examiner must cite to the evidence of record to support that conclusion.

d) If the response to questions (a) or (b) is no, is it at least as likely as not (50 percent or greater probability) that such disorder:

(1) had its onset in service; 
(2) was superimposed upon any diagnosed personality during service; or
(3) is otherwise related to service?

Comprehensive rationales must be provided for any opinions rendered. If the examiner cannot provide the requested opinions without resorting to speculation, he or she should expressly indicate this and provide a supporting rationale for this conclusion.
6. Then, after taking any additional development deemed necessary, readjudicate the issue on appeal, and issue a Supplemental Statement of the Case, as appropriate.

The Veteran has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
S. BUSH
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).